ESTATE OF RAYMOND WORKMAN, DECEASED, ROBERT WORKMAN, ADMINISTRATOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Workman v. Commissioner
Docket No. 41699-84.
United States Tax Court
T.C. Memo 1986-458; 1986 Tax Ct. Memo LEXIS 154; 52 T.C.M. (CCH) 585; T.C.M. (RIA) 86458; September 18, 1986. *154 Robert Workman, pro se. John F. Hernandez, for the respondent. SWIFT
MEMORANDUM OPINION SWIFF, Judge: Respondent has filed a motion for summary judgment under Rule 121 [1] in this case which involves the following Federal income tax deficiencies and additions to tax under section 6653(b): Year
Deficiencies
Additions to Tax
1979
$60,032
$30,016
1980
75,324
37,662
Respondent's motion is based on facts set forth in his request for admissions which was served on petitioner, Robert Workman, administrator for the Estate of Raymond Workman, at his residence in the State of New York on July 29, 1986. The request for admissions set forth, in detail, specific facts alleging the liability of decedent Raymond Workman ("decedent") for the deficiencies set forth above due to his receipt of unreported taxable income in 1979 and 1980 in the amounts of $96,407.50 and $120,340, respectively. The request also sets forth facts concerning decedent's willful *155 and fraudulent attempt to evade Federal income taxes during 1979 and 1980. Set forth below are two of the pertinent requests for admissions: 10. The petitioner understated the amount of taxable income he received in taxable year 1979 as follows: Total Expenditures
$127,875.50
Total Cash Available from
Reported Sources
31,486.00
Understatement of Income
$ 96,407.50
17. The petitioner understated the amount of taxable income he received in taxable year 1980 as follows: Total Expenditures
$227,935.00
Total Cash Available from
Known Sources
107,595.00
Understatement of Income
$120,340.00
Petitioner's response to respondent's request for admissions was timely filed on August 25, 1986, but reflected only a general denial of the facts alleged in the request, and expressed a general lack of knowledge concerning the activities of decedent during the years in issue.When this case was called for trial on September 8, 1986, in Miami, Florida, petitioner did not appear. At the time of filing the petition herein, petitioner resided in the State of New York. Decedent filed Federal income tax returns (Forms 1040) for years 1979 and 1980 as a *156 married person filing a separate return. Other than the facts set forth above, there is little evidence in the record concerning decedent's activities during the years in issue. Under Rule 121(b), a decision may be rendered if there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Respondent's motion for summary judgment is supported by his unanswered request for admissions. Rule 90(c) expressly provides that a party must respond specifically to each request for admission and cannot generally deny a request for admission on the grounds that he lacks information unless he affirms that he has made reasonable inquiry and that the information that is known or readily obtainable by him is insufficient to enable him to admit or deny the request. [2] Since petitioner filed no adequate response to respondent's request for admissions, under Rule 90(c) the material facts stated therein are deemed to be admitted. , affd. . *157 The facts admitted establish the amount of the deficiencies in decedent's Federal income taxes for 1979 and 1980. Thus, we find that there are deficiencies due from decedent's estate for the years and in the amounts set forth above. With regard to the issue of fraud, respondent has the burden of proving fraud by clear and convincing evidence. ; . The facts deemed admitted by petitioner are sufficient to sustain respondent's burden on this issue. Decedent's very substantial understatements of income on the 1979 and 1980 Federal income tax returns are highly persuasive evidence of fraud. See , affg. a Memorandum Opinion of this Court; , affd. ; , affg. a Memorandum Opinion of this Court. We find that decedent filed false and fraudulent returns for the years in issue and that at least part of the deficiencies *158 were due to fraud with intent to evade tax. Thus, decedent's estate is liable for the section 6653(b) additions to tax in each of the years 1979 and 1980. In light of the record before us, we find that there is no genuine issue of material fact and hold that respondent is entitled to prevail as a matter of law. Respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. Rule 90 provides in relevant part: Rule 90. REQUESTS FOR ADMISSION * * * (c) Response to Request: Each matter is deemed admitted unless, within 30 days after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party (1) a written answer specifically admiting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (2) an objection, stating in detail the reasons therefor. * * * An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. * * *↩